**Christian OPARACHUKWU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–4985–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

John C. Richter, United States Attorney, Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Christian Oparachukwu, a native and citizen of Nigeria, seeks review of a November 19, 2002 order of the BIA summarily affirming immigration judge ("IJ") John Opaciuch's May 1, 2001 decision denying Oparachukwu' s applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

*In re Christian Oparachukwu,* No. A70 582 435 (B.I.A. Nov. 19, 2002), *aff'g* A70 582 435 (Immig. Ct. N.Y. City May 1, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ was reasonable in relying on Oparachukwu's differing written and oral accounts of the number of times he was arrested in Nigeria in finding him not to be credible, as the arrests constitute essential elements of his claim of religious persecution. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). Additionally, because it was combined with findings regarding material testimonial discrepancies, and because there is no indication in the record that it would have been unreasonable to expect Oparachukwu to produce such evidence, the IJ appropriately faulted Oparachukwu for failing to present sufficient corroborating evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006).

While the IJ erroneously relied on an asylum interview not contained in the record and failed to consider country condition evidence supporting Oparachukwu's claimed fear of future persecution, the evidence supporting the IJ's finding of incredibility was strong enough that we can confidently predict that he would have reached the same conclusion absent these errors. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107–08 (2d Cir.2006).

The agency's adverse credibility determination is supported by substantial evidence in the record, and its denial of asylum was appropriate. Because the only evidence of a threat to Oparachukwu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Oparachukwu' CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the agency's denial of CAT relief based on his lack of credibility was also appropriate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.